■ SUSAN BERKOWITZ, Appellant, v CHAVO INTERNATIONAL, INC., Defendant. CONGRESS TALCOTT CORP., Intervenor-Respondent.—Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered on or about April 11, 1988, which granted intervenor secured party's motion to vacate a restraining notice and execution served by plaintiff judgment creditor on defendant judgment debtor and its guarantor, unanimously reversed, on the law, the motion denied, and the restraining notice and execution are reinstated, with costs.

The dispute is between a judgment creditor and a secured party over who has priority to an obligation, denominated a promissory note but concededly nonnegotiable, owing to their mutual debtor. We assume in the secured party's favor that by reason of an after-acquired property clause in its contract with the debtor, said to constitute a security agreement, a security interest in the note attached in the secured party's favor immediately upon its issuance. Notwithstanding that the judgment creditor's execution was served after the filing of financing statements showing the secured party's interest in all "notes", "instruments", "contract rights", and "general intangibles", among other things, "now and hereafter owned" by the debtor, we hold the judgment creditor's lien to be prior (see, UCC 9-301 [1] [b]) by reason of the fact that the secured party did not have actual possession of the note at the time it was levied upon by the Sheriff, and thus failed to perfect its security interest therein.

Subject to certain exceptions not applicable here, a security interest in an instrument can be perfected only by the secured party's taking possession (UCC 9-304 [1]). The secured party argues that the note is not an instrument within the meaning of article 9 of the Uniform Commercial Code, and thus not within the possessory requirement of UCC 9-304 (1), since it is neither negotiable nor a writing "which evidences a right to the payment of money * * * of a type which is in ordinary course of business transferred by delivery with any necessary indorsement or assignment" (UCC 9-105 [1] [i]). While the note is concededly nonnegotiable, we reject the secured party's contention that, because expressly made subject to the terms and conditions of the contemporaneously executed contract between the debtor and the maker of the note, it also is not transferable by delivery in the ordinary course of business. Nothing in either the note or the contract restricts their assignability, and there is no reason why the note could not be assigned along with the contract to which it was made subject. Indeed, the contract under which the secured party derives its security interest itself purports to effect an assignment of all of the debtor's "Receivables", including the note. Concur— Carro, J. P., Kassal, Ellerin and Wallach, JJ.